*Proposed and submitted by:*

Kenneth E. Horton (State Bar No. 8331)
Cameron M. Hancock (State Bar No. 5389)
**KIRTON MCCONKIE**
1800 World Trade Center
60 East South Temple
Salt Lake City, Utah  84145
   Telephone:  (801) 321-4897
   Facsimile:   (801) 321-4983
khorton@kmclaw.com
chancock@kmclaw.com

Siegmund Y. Gutman (*pro hac vice* to be filed)
Susan L. Gutierrez (*pro hac vice* to be filed)
**PROSKAUER ROSE LLP**
2049 Century Park East, Suite 3200
Los Angeles, California 90067
   Telephone:  (310) 557-2900
   Facsimile:   (310) 557-2193
sgutman@proskauer.com
sgutierrez@proskauer.com

Attorneys for Applicant AMGEN INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AMGEN INC.,<br><br>        Applicant,<br><br>v.<br><br>CHRISTOPHER P. HILL,<br><br>        Respondent. | Case No.: 2:14-mc-00908-DN-EJF<br><br>**[PROPOSED] ORDER GRANTING *EX PARTE* MOTION AND THIRD-PARTY DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782**<br><br>Hon. Judge David Nuffer<br><br>Hon. Magistrate Judge Evelyn J. Furse |

The Court, having considered Applicant Amgen Inc.'s ("Amgen") *Ex Parte* Motion for an Order Granting Third-Party Discovery for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 (the "Motion"), and having found good cause to grant the Motion, the Motion is hereby GRANTED.

1. Amgen is hereby authorized to issue immediately to Respondent Christopher P. Hill ("Dr. Hill") a subpoena directing Dr. Hill to produce documents identified in Schedule A hereto within 14 days following service of the subpoena. The documents shall be accompanied by a signed certification verifying the authenticity of the documents.

2. Amgen is hereby authorized to immediately issue to Dr. Hill a subpoena directing him to appear within 28 days for deposition to be conducted in accordance with the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: _____, 2014

BY THE COURT:

_____
United States District / Magistrate Judge

**SCHEDULE A**

**DEFINITIONS**

A.    For the sake of brevity, any singular may mean plural and the plural may mean the singular, as in each case may be appropriate.

B.    "TEVA" means Teva Pharma B.V., and any and all persons or entities known by HILL to be acting on its behalf.

C.    "HILL" means Dr. Christopher P. Hill, and any and all persons acting on HILL's behalf.

D.    "AMGEN" means petitioner Amgen Inc. and any and all persons or entities known by HILL to be acting on its behalf.

E.    "OSSLUND" means Dr. Timothy Osslund, and any and all persons known by HILL to be acting on Dr. Osslund's behalf.

F.    "EISENBERG" means Dr. David Eisenberg, and any and all persons known by HILL to be acting on Dr. Eisenberg's behalf.

G.    "UCLA" means the University of California, Los Angeles, and any and all persons or entities known by HILL to be acting on its behalf.

H.    "THE PUBLICATION" means the 1993 publication of HILL, OSSLUND, and David Eisenberg titled *The structure of granulocyte-colony-stimulating factor and its relationship to other growth factors*, Proc. Natl. Acad. Sci. 1993, 90 (11), 5167-5171.

I.    "FOREIGN PATENTS" means any and/or all of the patents identified as EP 0 612 846, EP 2 345 724, and EP 1 482 046.

J.    "099 APPLICATION" means U.S. Patent Application 08/010,099.

K.    "G-CSF" means granulocyte-colony-stimulating factor.

L.    "ASSIGNMENT" means the assignment dated October 4, 2013 between HILL and TEVA.

M. "STATEMENTS" mean any and/or all of the following: (i) the affidavit of HILL dated October 8, 2013 submitted in the preliminary injunction action pending in Dusseldorf, Germany; and (ii) the witness statement of HILL dated April 28, 2014 submitted to the District Court of the Hague, Docket No. C/09/46100.

N. "DOCUMENT" or "DOCUMENTS" means all tangible items within the scope of Federal Rule of Civil Procedure 34. The terms include all documents in any language.

O. "COMMUNICATION" means oral, telephonic, written, electronic or other transmittal of information or other content.

## REQUESTS FOR DOCUMENTS

1. All DOCUMENTS relating to any laboratory notebooks used by HILL during the time period from 1981 to 1994 pertaining to what is described in the 099 APPLICATION.

2. All DOCUMENTS, including laboratory notebooks, that record HILL's work, conducted between 1988 and 1994, relating to the determination of the three-dimensional structure of G-CSF.

3. All DOCUMENTS from 1988 to June 1993 relating to the PUBLICATION, including, without limitation, drafts of the PUBLICATION and DOCUMENTS relating to, and relied upon in, the preparation and review of the PUBLICATION.

4. All DOCUMENTS relating to (i) what is described in the 099 APPLICATION; (ii) the preparation of the 099 APPLICATION and/or (iii) what is claimed in the FOREIGN PATENTS.

5. All DOCUMENTS relating to work and/or research performed by HILL relating to (i) what is described in the 099 APPLICATION and/or (ii) what is claimed in the FOREIGN PATENTS.

6. All DOCUMENTS relating to COMMUNICATIONS, agreements, and correspondence between HILL, on the one hand, and UCLA, EISENBERG, TEVA, and/or the

University of Utah, on the other hand, relating to (i) what is described in the 099 APPLICATION; (ii) the preparation of the 099 APPLICATION; and (iii) the claims of the FOREIGN PATENTS.

7. All DOCUMENTS and COMMUNICATIONS relating to and/or demonstrating work allegedly performed by HILL during the time period from 1988 until 1994 relating to G-CSF, including, without limitation, DOCUMENTS and COMMUNICATIONS of such work performed by HILL in EISENBERG's laboratory at UCLA.

8. DOCUMENTS sufficient to show HILL's employment status with UCLA and/or TEVA, if any, between 1988 and 1994.

9. DOCUMENTS sufficient to identify the date(s) HILL (i) began his employment with the University of Utah, and (ii) received his first compensation for employment from the University of Utah.

10. All contracts and/or agreements between HILL on the one hand, and TEVA and/or UCLA, on the other hand.

11. All contracts and/or agreements between HILL on the one hand, and the University of Utah, on the other hand, relating to patents.

12. All DOCUMENTS relating to the ASSIGNMENT.

13. All COMMUNICATIONS, agreements, and correspondence between TEVA and HILL relating to the ASSIGNMENT.

14. DOCUMENTS sufficient to identify the compensation and/or other consideration HILL received and/or has been promised in connection with the ASSIGNMENT.

15. All DOCUMENTS relating to any affidavit, declaration, and/or witness statement provided by HILL to TEVA, or at TEVA's request, demand, and/or instruction, from January 1, 2013 to the present, including, without limitation, the STATEMENTS.

16. All DOCUMENTS supporting, relied upon, and/or otherwise relating to any

affidavit, declaration, and/or witness statement provided by HILL to TEVA, or at TEVA's request, demand, and/or instruction, from January 1, 2013 to the present, including, without limitation, the STATEMENTS.

17. DOCUMENTS sufficient to identify the compensation and/or other consideration HILL received and/or has been promised in connection with any affidavit, declaration, and/or witness statement provided by HILL to TEVA, or at TEVA's request, demand, and/or instruction, from January 1, 2013 to the present, including, without limitation, the STATEMENTS.

18. DOCUMENTS sufficient to identify the compensation and/or other consideration HILL received and/or has been promised in connection with any legal, judicial, and/or administrative proceeding between and amongst TEVA and AMGEN.

19. HILL's current curriculum vitae.

20. DOCUMENTS sufficient to identify all patents and patent applications on which HILL is named as an inventor and/or co-inventor.

21. To the extent not encompassed by the above requests, all DOCUMENTS and COMMUNICATIONS, agreements, and correspondence relating to and/or demonstrating HILL's alleged invention, co-invention, and/or inventive contributions to the FOREIGN PATENTS.

## CERTIFICATE OF SERVICE

I, Kenneth E. Horton, hereby certify that on this 17th day of December, 2014, I caused a true and correct copy of the foregoing **[PROPOSED] ORDER GRANTING *EX PARTE* MOTION AND THIRD-PARTY DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782** to be served upon Dr. Hill, through his U.S. counsel, by first-class mail to the following address:

Steven A. Ellis
Jason O. Braiman
GOODWIN PROCTER LLP
601 S. Figueroa St., 41st Floor
Los Angeles, California 90017
sellis@goodwinprocter.com
jbraiman@goodwinprocter.com


/s/Kenneth E. Horton
Kenneth E. Horton