IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **AMGEN INC.,**<br>       Applicant,<br><br>v.<br><br>**CHRISTOPHER P. HILL,**<br>       Respondent. | **REPORT AND RECOMMENDATION**<br><br>Case No.: 2:14-mc-00908-DN-EJF<br><br>District Court Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

The undersigned, having considered Applicant Amgen Inc.'s ("Amgen") *Ex Parte* Motion for an Order Granting Third-Party Discovery for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 (the "Motion") (ECF No. 6), and having found good cause to grant the Motion, RECOMMENDS GRANTING the Motion with the following instructions:

1. The Court orders Amgen to issue immediately to Respondent Christopher P. Hill ("Dr. Hill") a subpoena directing Dr. Hill to produce documents identified in Schedule A to Amgen's proposed subpoena, as modified below, within 14 days following service of the subpoena. The Court orders Dr. Hill to produce the documents accompanied by a signed certification verifying the authenticity of the documents.

2. The Court orders Amgen to issue immediately to Dr. Hill a subpoena directing him to appear within 28 days for deposition to be conducted in accordance with the Federal Rules of Civil Procedure.

## DISCUSSION

Amgen moves this Court for an order authorizing the issuance of document and deposition subpoenas to Dr. Hill pursuant to 28 U.S.C. § 1782.  (Applicant Amgen Inc.'s *Ex Parte* Mot. for an Order Granting Third-Party Disc. for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 & Mem. in Supp. (hereinafter "Mot."), ECF No. 6.)  Amgen seeks evidence for use in a number of foreign proceedings.  Specifically, the requested discovery is for use in the entitlement proceedings pending before several foreign tribunals, which tribunals will decide whether Teva Pharma B.V. ("Teva") has a valid claim to any or all of three European patents— EP 1,482,046 (EP '046), EP 2,345,724 (EP '724), and EP 0,612,846 (EP '846) (collectively, the "European Patents")—based on Dr. Hill's purported inventive contributions and assignment. (Mem. of Law in Supp. of *Ex Parte* App. for an Order Pursuant to 28 U.S.C. § 1782 to Take Disc. from Christopher P. Hill for Use in a Foreign Proceeding 2–4, ECF No. 3.)

## I.   CLASSIFICATION OF A 28 U.S.C. § 1782 APPLICATION

Amgen previously filed a Notice of Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery from Christopher P. Hill for Use in a Foreign Proceeding and a separate memorandum in support thereof (collectively, the "Previous Filing").  (Notice of Ex Parte Appl. for an Order Pursuant to 28 U.S.C. 1782 & Supporting Mem., ECF Nos. 2 & 3.)  The Court identified the Previous Filing as deficient and instructed Amgen to "refile the pleading" as a "Motion for Letters Rogatory with Memorandum in support as an attachment."  (Notice of Deficiency, ECF No. 4.)

28 U.S.C. § 1782(a) reads in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made pursuant to *a letter*

*rogatory issued*, or request made, by a foreign or international tribunal *or upon the application of any interested person* and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782 (2012) (emphasis added).

While letters rogatory provide one means of granting discovery requests for use in a foreign proceeding, only one judicial body may make such a formal request to another. *See*, *e.g.*, 22 C.F.R § 92.54 ("[T]he term letters rogatory denotes a formal request from a court in which an action is pending, to a foreign court to perform some judicial act."). Where, as here, a private party makes the request for discovery, the request constitutes an "application of any interested person." *See* 28 U.S.C. § 1782(a) (2012).

## II.     LEGAL STANDARD FOR GRANTING A 28 U.S.C. § 1782 APPLICATION

Amgen requests the Court order Dr. Hill to produce the documents identified in Schedule A attached to Amgen's "Proposed Order Granting Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery from Christopher P. Hill for Use in a Foreign Proceeding." (ECF No. 6-1.) A district court may grant such requests when (A) the application for requested discovery satisfies the statutory requirements of 28 U.S.C. § 1782 and (B) the factors relevant to the Court's discretion to allow discovery under 28 U.S.C. § 1782 weigh in favor of granting the requested discovery. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–66 (2004) (noting while the applicant meets the statutory requirements, the lower court must consider the discretionary factors prior to granting discovery).

The Court may grant a § 1782 application where the application meets the following statutory requirements: (1) any interested person makes the request; (2) the request seeks evidence, "whether it be the testimony or statement of a person or the production of a document or other thing"; (3) for use in a foreign proceeding; and (4) the person from whom the request

3

seeks discovery "reside[s] or [is] found in the district of the district court ruling on the application for assistance." *In re Clerici*, 481 F.3d 1324, 1331–32 (11th Cir. 2007) (internal quotes omitted); *see also Phillips v. Beierwaltes*, 466 F.3d 1217, 1220 (10th Cir. 2006) ("Section 1782(a) provides that a district court may order a resident of the district 'to give his testimony or statement or to produce a document or other thing for use in a [foreign] proceeding . . . or international tribunal.'"). Dr. Hill does not contest that Amgen satisfies each of these statutory requirements. (*See* Mem. of Law in Supp. of Christopher P. Hill's Opp'n to Amgen's Appl. for an Order Permitting Issuance of Subpoenas to Take Disc. for Use in a Foreign Proceeding (hereinafter "Opp'n") 7, ECF No. 14 (noting court need not grant discovery simply because § 1782 allows it).)

In *Intel*, the United States Supreme Court identified the following four factors that a district court may consider in determining whether to exercise its discretion:

(1) Whether "the person from whom discovery is sought is a participant in the foreign proceeding", because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant";

(2) "[T]he nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or court or agency abroad to U.S. federal-court judicial assistance";

(3) Whether "the § 1782(a) request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States"; and

(4) Whether the requested discovery is otherwise "unduly intrusive or burdensome."

*Intel*, 542 U.S. at 264-65; *see also Interbrew Cent. European Holding BV v. Molson Coors Brewing Co.*, No. 13-cv-02096-MSK-KLM, 2013 WL 5567504, *2 (D. Colo. Oct. 9, 2013) (unpublished). Each of the *Intel* factors weighs in favor of exercising the Court's discretion and granting the Motion.

4

First, Dr. Hill is not a party to any of the foreign proceedings. (Morley Decl. ¶ 5, ECF No. 3-3.) The first factor therefore weighs in Amgen's favor. *See In re Roz Trading Ltd.*, No. 1:06-CV-02305, 2007 U.S. Dist. LEXIS 2112, *6 (N.D. Ga. Jan. 11, 2007) ("Respondent is not a party to the [foreign] arbitration, and on this ground alone the first *Intel* factor is satisfied").

Second, Teva described the nature of foreign proceedings and receptivity of the respective tribunals in its own § 1782 application in a separate California proceeding:

> [The relevant actions] are judicial proceedings conducted before tribunals that are first instance finders of fact on the issue of entitlement (i.e., ownership). These tribunals will seek to determine who invented the subject matter claimed in one or more of the [European Patents] based on the facts regarding how the invention came about. Teva is not aware of any authoritative evidence that any of the Entitlement Proceedings tribunals would not be receptive to the evidence Teva seeks through this application.

(Mem. of Points & Authorities in Supp. of Teva Pharma B.V.'s Appl. for *Ex Parte* Order Pursuant to 28 U.S.C. § 1782 to Take Disc. From Amgen & From Dr. Timothy Osslund for Use in a Foreign Proceeding (hereinafter "Mem. of P&As") 12:10-16, ECF No. 3-2 (citation omitted).) The second factor therefore falls in Amgen's favor. *See Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995) (providing that when evaluating whether foreign tribunals would accept U.S. assistance, courts look for "authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782"); *see also Roz Trading Ltd.*, 2007 U.S. Dist. LEXIS 2112, at *6 ("§ 1782 aid [is] appropriate even in situations where the tribunal would not order such discovery itself, or might decide not to accept all discovery properly ordered pursuant to § 1782(a)") (citing *Intel*, 542 U.S. at 262–63).

Third, Dr. Hill does not claim Amgen attempts to circumvent proof-gathering restrictions or other policies of the foreign tribunals or the United States. (Opp'n 7–9, ECF No. 14.) The third factor therefore falls in Amgen's favor.

5

Fourth, Amgen's discovery does not qualify as "unduly intrusive or burdensome." The foreign proceedings:

> [W]ill seek to determine who invented the subject matter claimed in one or more of the [European Patents]. . . . Given Dr. Osslund's and Amgen's allegations that Dr. Osslund is the sole inventor of [the European Patents] . . . information in Amgen's and Dr. Osslund's possession and control about the alleged invention claimed in [the European Patents] is highly relevant to the primary issue disputed in the Entitlement Proceedings.

(Mem. of P&As 13:15-14:1, ECF No. 3-2.) The same holds true as it relates to Teva's allegations that Dr. Hill, rather than Dr. Osslund, made the "crucial" (or any) inventive contributions to the subject matter of the European Patent claims. Many of Amgen's document requests to Dr. Hill "mirror" the language of requests sought and obtained by Teva in the California Action. The Court addresses the following issues raised by Dr. Hill.

### A.      Modifications to Document Requests

Dr. Hill argues the requests are unduly intrusive and burdensome. (Opp'n 7–8, ECF No. 14.) Pursuant to the Motion, Amgen's Document Request Nos. 15 and 16 state:

> 15.    ALL DOCUMENTS relating to any affidavit, declaration, and/or witness statement provided by HILL to TEVA, or at TEVA's request, demand, and/or instruction, from January 1, 2013 to the present, including, without limitation, the STATEMENTS.
>
> 16.    All DOCUMENTS supporting, relied upon, and/or otherwise relating to any affidavit, declaration, and/or witness statement provided by HILL to TEVA, or at TEVA's request, demand, and/or instruction, from January 1, 2013 to the present, including, without limitation, the STATEMENTS.

(Proposed Order Granting *Ex Parte* Appl. for an Order Pursuant to 28 U.S.C. § 1782 to Take Disc. from Christopher P. Hill for Use in a Foreign Proceeding 5–6, ECF No. 6-1.)

As requested by Amgen, the "relating to" language found in Document Requests Nos. 15 and 16 could conceivably extend so far as to require Dr. Hill to produce any document related in any way to an affidavit, declaration, and/or witness statement—no matter how unrelated to the patent proceedings. For example, if the affidavit states that the affiant is over the age of

eighteen, then the affiant's birth certificate relates to the affidavit, and Dr. Hill would have to produce it.  Therefore, the undersigned Magistrate Judge RECOMMENDS altering the requests as follows to limit the potential of construing these requests in an overbroad manner:

> 15.     Any affidavit, declaration, and/or witness statement provided by HILL to TEVA, or at TEVA's request, demand, and/or instruction, from January 1, 2013 to the present, including, without limitation, the STATEMENTS.
>
> 16.     All DOCUMENTS supporting or relied upon for any affidavit, declaration, and/or witness statement provided by HILL to TEVA, or at TEVA's request, demand, and/or instruction, from January 1, 2013 to the present, including, without limitation, the STATEMENTS.

Otherwise, the undersigned does not find the requests unduly intrusive or burdensome.

### B.     Reciprocal Discovery

Dr. Hill claims, among other things, that the discovery is "unduly intrusive" or "burdensome" because the discovery requests exceed "reciprocal discovery."  (Opp'n at 2, ECF No. 14.)  Specifically, Dr. Hill claims that Amgen's Document Request Nos. 4–7 and 9–21 are not reciprocal to the discovery provided by Amgen to Teva in a separate proceeding in California.  (*Id.* at 8.)  Moreover, Dr. Hill claims that Amgen's Document Requests Nos. 6, 10, and 11 are not reciprocal because they fail to limit the "temporal scope" of the requests.  (*Id.* at 8–9.)

While a court may order reciprocal production of information as a condition of granting relief, *Intel*, 542 U.S. at 262, Amgen's nonreciprocal requests have a justified basis.  For example, Amgen requests certain documents related to Dr. Hill's employment at the University of Utah.  (*See* Doc. Req. No. 9, ECF No. 2-1.)  The same request would have no relevance to Teva's requests in the California proceeding because the parties Teva requested documents from did not work at the University of Utah.  (*See* Opp'n 8, ECF No. 14.)  In addition, Amgen's Document Request Nos. 6, 10, and 11 already have temporal requirements built into the requests.

Document Request No. 6 limits the scope of its document requests to those relating to the 099 Application (*see* Doc. Req. No. 6, ECF No. 2-1) and its preparation, or claims relating to the Foreign Patents (*id.*). In other words, while the request does not state a specific date limitation, it necessarily begins when the 099 Application or its preparation began and when the Foreign Patent claims commenced. Given the scope of the case represented, that time frame does not seem unduly intrusive or burdensome. Similarly, Document Request No. 10 limits itself to the time when Teva began working with UCLA, and Document Request No. 11 limits itself to when Dr. Hill began working with the University of Utah. (*See* Doc. Req. Nos. 10, 11, ECF No. 2-1.)

The remaining requests go directly to, and are narrowly-tailored to, eliciting facts and otherwise acquiring information related to the nature and extent of Dr. Hill's purported inventive contributions, as well as the assignment to Teva of his alleged rights in the European Patents. The fourth factor therefore falls in Amgen's favor.

Because the Intel factors weigh in Amgen's favor, the undersigned Magistrate Judge RECOMMENDS the Court exercise its discretion to grant the requested discovery pursuant to § 1782.

## RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS the District Court GRANT the Motion.

The Court will send copies of this Report and Recommendation to all parties, notifying the parties of their right to object. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy thereof. *Id.* Failure to object may constitute waiver of objections upon subsequent review.

DATED this 24th day of February, 2015.

                                        BY THE COURT:

                                        _____
                                        Evelyn J. Furse
                                        Magistrate Judge